RECORD NO. 09-1015

In The

# United States Court Of Appeals

For The Fourth Circuit

**CLARENDON AMERICA INSURANCE COMPANY,**

*Plaintiff – Appellant,*

**v.**

**GARDEN CITY WINGS, LLC; WINGS OVER AMERICA, INCORPORATED;
WINGS OVER AMERICA FRANCHISING, INCORPORATED;
JEREMY MICHAEL NORDSTROM; TERI S. EDGAR, as Personal Representative
of the Estate of Savannah Belle Edgar, Estate of Savannah Belle Edgar;
DEAN EDGAR, as Personal Representative of the Estate of Savannah Belle Edgar,
Estate of Savannah Belle Edgar; LYNNE R. STINES, as Personal Representative of
the Estate of Shanna Lee Stines, Estate of Shanna Lee Stines;
CURTIS L. STINES, as Personal Representative of the Estate of Shanna Lee Stines,
Estate of Shanna Lee Stines,**

*Defendants – Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AT FLORENCE

_____

**BRIEF OF APPELLEE**

_____

**Randall K. Mullins**
**MULLINS LAW FIRM**
**P. O. Box 585**
**North Myrtle Beach, SC 29597**
**(843) 272-8902**

**Richard M. Gergel**
**William A. Nickles, III**
**GERGEL, NICKLES**
**  & SOLOMON**
**1519 Richland Street**
**Columbia, SC  29201**
**(803) 779-8080**

**Jay S. Masty**
**DELUCA & MAUCHER**
**102 Marilyn Street**
**Goose Creek, SC  29445**
**(843) 572-1711**

*Counsel for Appellees*

*Counsel for Appellees*

*Counsel for Appellees*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Only one form needs to be completed for a party even if the party is represented by more than one attorney. Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case. Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements. Counsel has a continuing duty to update this information.

No. <u>09-1015</u>          Caption: <u>Clarendon America Insurance Co v. Garden City Wings, et al</u>

Pursuant to FRAP 26.1 and Local Rule 26.1,

<u>    Est of Savannah Edgar    </u> who is <u>         appellee         </u>,
(name of party/amicus)              (appellant/appellee/amicus)

makes the following disclosure:

1.   Is party/amicus a publicly held corporation or other publicly held entity?
         ☐ YES                    ☑ NO

2.   Does party/amicus have any parent corporations?
         ☐ YES                    ☑ NO
     If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.   Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?
         ☐ YES                    ☑ NO
     If yes, identify all such owners:

4.   Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?
         ☐ YES                    ☑ NO
     If yes, identify entity and nature of interest:

5.   Is party a trade association? (amici curiae do not complete this question)
         ☐ YES                    ☑ NO
     If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.   Does this case arise out of a bankruptcy proceeding?
         ☐ YES                    ☑ NO
     If yes, identify any trustee and the members of any creditors' committee:


<u>        s/Richard Mark Gergel        </u>                    <u>        01-20-09        </u>
            (signature)                                              (date)

DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Only one form needs to be completed for a party even if the party is represented by more than one attorney.  Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case.  Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.  Counsel has a continuing duty to update this information.

No. <u>09-1015</u>          Caption:  <u>Clarendon America Insurance Co v. Garden City Wings, et al</u>

Pursuant to FRAP 26.1 and Local Rule 26.1,

<u>Est of Shanna Lee Stines</u> who is <u>appellee</u>,
(name of party/amicus)          (appellant/appellee/amicus)

makes the following disclosure:

1.   Is party/amicus a publicly held corporation or other publicly held entity?
     ☐ YES                    ☑ NO
2.   Does party/amicus have any parent corporations?
     ☐ YES                    ☑ NO
     If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.   Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?
     ☐ YES                    ☑ NO
     If yes, identify all such owners:

4.   Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?
     ☐ YES                    ☑ NO
     If yes, identify entity and nature of interest:

5.   Is party a trade association? (amici curiae do not complete this question)
     ☐ YES                    ☑ NO
     If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.   Does this case arise out of a bankruptcy proceeding?
     ☐ YES                    ☑ NO
     If yes, identify any trustee and the members of any creditors' committee:


_____s/Richard Mark Gergel_____          _____01-20-09_____
            (signature)                              (date)

# **TABLE OF CONTENTS**

**Page:**

TABLE OF AUTHORITIES ........................................................................... ii

STATEMENT OF THE CASE .......................................................................1

STATEMENT OF FACTS .............................................................................2

LEGAL ARGUMENT ...................................................................................5

    Standard of Review.................................................................................5

    Discussion of the Issues.........................................................................7

    I.     Clarendon's amended notice of appeal is premature and does not qualify for appellate review. ..........................................7

    II.    Clarendon's amended notice of appeal does not qualify for interlocutory review under the collateral order doctrine......................9

    III.   A day certain trial date has been set in the state court actions months before the potential trial date in the federal declaratory judgment action, thereby producing no "useful purpose" in simultaneously litigating the state personal injury claims and the federal declaratory judgment action..............................................11

    IV.   Clarendon's request for declaratory judgment is premature and would invade the province of the state court. ....................................13

    V.    Clarendon's Complaint makes clear that the underlying disputed facts in the state wrongful death and survival actions are intertwined with the declaratory judgment action.........................15

CONCLUSION ...........................................................................................17

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

i

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

Admur v. G. Lizars,
  372 F.2d 103 (4th Cir. 1967) ............................................................8

Aetna v. Quarels,
  92 F.2d 321 (4th Cir. 1937) ............................................................6

Catlin v. United States,
  324 U.S. 229 (1945)........................................................................9

Cohen v. Beneficial Indus. Loan Corp.,
  337 U.S. 541 (1949)........................................................................9

Continental Casualty Co. v. Fuscardo,
  35 F.3d 963 (4th Cir. 1994) ..........................................................12

Continental Life Insurance Co. v. Poston,
  88 F.3d 255 (4th Cir. 1996) ..........................................................12

Digital Equip. Corp. v. Desk Top Direct, Inc.,
  511 U.S. 863 (1994)........................................................................9

Fitzgerald v. MFA Mutual Insurance Company,
  481 N.E.2d 754 (Ill. App. 3d 1985)..............................................14

Gulfstream Aerospace Corp. v. Mayacamas Corp.,
  485 U.S. 271 (1988).....................................................................7, 9

Mitcheson v. Harris,
  955 F.2d 235 (4th Cir. 1992) .....................................................6, 12

Moses H. Cone Memorial Hospital v. Mercury Construction Corporation,
  460 U.S. 1 (1983)............................................................................7

<u>Nautilus Ins. Co. v. Winchester Homes, Inc.</u>,
    15 F.3d 371 (4th Cir. 1994) ....................................................................1, 6, 14

<u>Scott v. Guardsmark Security</u>,
    847 F. Supp 117 (D.S.C. 1995) ...................................................................14

<u>South Carolina State Board of Dentistry v. Federal Trade Commission</u>,
    455 F.3d 436 (4th Cir. 2006) ..........................................................................9

<u>Will v. Hallock</u>,
    546 U.S. 345 (2006).........................................................................................9, 10

<u>Wilton v. Seven Falls Co.</u>,
    515 U.S. 277 (1995).........................................................................................5

**Statutes:**

28 U.S.C. § 1292(a) .........................................................................................7

215 Ill. Comp. Stat 5/154 ..............................................................................14

# STATEMENT OF THE CASE

Appellees Teri S. Edgar, as Personal Representative of the Estate of Savannah Belle Edgar, Estate of Savannah Belle Edgar; Dean Edgar, as personal Representative of the Estate of Savannah Belle Edgar, Estate of Savannah Belle Edgar; Lynne R. Stines, as Personal Representative if the Estate of Shanna Lee Stines, Estate of Shanna Lee Stines; Curtis L. Stines, as Personal Representative of the Estate of Shanna Lee Stines, Estate of Shanna Lee Stines ("Appellees"), respond to the Opening Brief filed by Clarendon February 25, 2009 on appeal from the order issued by the Honorable Terry L. Wooten, United States District Court Judge on January 28, 2009 denying Clarendon's motion to reconsider the issuance of a temporary stay in this proceeding.

On November 24, 2008, Judge Wooten determined to temporarily stay a declaratory judgment action brought by Clarendon pending the trial on the underlying state actions in the Court of Common Pleas for the Fifteenth Judicial Circuit of South Carolina.  In reaching this determination, Judge Wooten exercised discretion using the factors identified in Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994).  Judge Wooten noted, among other things, that certain issues in the declaratory judgment action and the underlying tort claims overlapped and that a temporary stay would not unduly delay the progression of

the declaratory judgment action insofar as the first tort case was scheduled for a day certain trial beginning June 8, 2009. (Appendix at 232-235)[1]

On December 10, 2008, Clarendon filed a motion for reconsideration asserting that its declaratory judgment claims could be considered independent of the underlying tort action.  Before any ruling on this motion, Clarendon filed a notice of appeal to this Court. (Appendix at 236-237) On January 28, 2009, Judge Wooten denied Clarendon's motion for reconsideration. (Appendix at 266-269) On February 11, 2009, Clarendon filed an amended notice of appeal from the January 28, 2009 order. (Appendix at 270)

For the following reasons, Clarendon's appeal is procedurally and substantively without merit.

## STATEMENT OF FACTS

The facts on appeal are confined to the Complaint filed by Appellees Edgar and Stines in the Court of Common Pleas for the Fifteen Judicial Circuit of South Carolina on February 26, 2007, and the four corners of the insurance policies issued by Clarendon to Garden City Wings.  These facts may be summarized as follows:

1.      On or about June 5, 2006, Clarendon issued a commercial package insurance policy that included a commercial general liability part and liquor

---

[1] On May 7, 2009, the tort actions were consolidated and scheduled for trial beginning June 22, 2009.

liability part to Garden City Wings with an effective period running from June 5, 2006 to June 5, 2007.  (Appendix at 25-94)

2.     The liquor liability coverage part of the policy expressly provides: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'injury' to which this insurance applies if liability for such 'injury' is imposed upon the insured by reason of the selling, serving or furnishing of any alcoholic beverage."  (Appendix at 69)

3.     The exclusions under this liquor liability coverage do **not** apply to any injury for which the insured may be liable by reason of: (1) causing or contributing to the intoxication of any person; (2) the furnishing of alcoholic beverages to a person under the legal age or under the influence of alcohol; or (3) any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages. (Appendix at 69-70)

4.     The policy contains certain provisions regarding breach of representations and warranties.  Relevant to this action, Clarendon asserts violation of endorsements regarding "immediate notice" of certain described alcohol violations, training of personnel and compliance with codes and requirements respecting the sale, service or furnishing of alcoholic beverages.   (Complaint ¶'s 14 and 15; Appendix at 12)

5.     On the evening of March 30, 2007, Defendant Jeremy Michael Nordstrom was served numerous alcoholic beverages at Garden City Wild Wings, owned and operated by Garden City Wings.  Although Defendant Nordstrom became visibly intoxicated, he continued to be served alcohol, further worsening his inebriated state.   (Stines Complaint, ¶'s 9-10; Appendix at 98; Edgar Complaint, ¶' 9-10; Appendix at 105)

6.     Defendant Nordstrom left Garden City Wild Wings in an intoxicated state.  Shortly thereafter, while still under the influence of alcohol, he entered an intersection at U.S. 17 Business and S.C. 544 on a red light and, without braking, struck two vehicles at a high rate of speed.  Shanna Lee Stines and Savannah Belle Edgar were both killed.   Thereafter, the families of the deceased girls brought separate actions against Garden City Wings and others in the Court of Common Pleas for Horry County.   (Stines Complaint, Appendix at 95-101; Edgar Complaint, Appendix at 102-108)

7.     Clarendon asserts that the Wild Wings Café operated by Garden City Wings was issued administrative violations by the South Carolina Law Enforcement Division (SLED) on August 21, 2006 and October 10, 2006.  Clarendon asserts that Garden City Wings did not provide notice of these violations as required by the insurance policy. (Complaint ¶'s 38-39; Appendix at 19-20)

4

8.    Clarendon further alleges that Garden City Wings failed to retain written records of employees' completion of training programs as required by policy. (Complaint ¶'s 41-44; Appendix at 20)

9.    Based upon these allegations, Clarendon seeks a declaration that Garden City Wings has violated the policy's breach of representations and warranties endorsement and that Clarendon is not obligated to provide a legal defense or indemnification for claims asserted in the underlying state action. (Complaint ¶'s 48-53; Appendix at 21-22)

10.    In addition, Clarendon seeks to rescind its policy of insurance with Garden City Wings. (Appendix at 23)

## LEGAL ARGUMENT

**Standard of Review:**

In declaratory judgment actions, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.  Wilton v. Seven Falls Co., 515 U.S. 277 (1995).  The Declaratory Judgment Act does not add to jurisdiction, but is a procedural statute that provides an additional remedy for use in those cases in which the federal courts already have jurisdiction.  Accordingly, the discretion to grant or refuse declaratory relief "is a judicial discretion, and must find its basis in good reason, …it should not be exercised for the purpose of trying issues involving

cases already pending, especially where they can be tried with equal facility in such cases, or for anticipating the trial of an issue in a court of co-ordinate jurisdiction." <u>Aetna v. Quarels</u>, 92 F.2d 321, 324 (4th Cir. 1937). Additional factors to be considered include federalism, efficiency, and comity. These considerations may require the court to refuse to entertain an action even though the <u>Quarels</u> requirements are satisfied. <u>Mitcheson v. Harris</u>, 955 F.2d 235, 237-241 (4th Cir. 1992).

Where, as here, there is a pending state court action, this Court has established a four point test for evaluating a request for declaratory judgment. As described in <u>Nautilus, Ins. Co. v. Winchester Homes, Inc.</u>, 15 F.3d 371, 377 (4th Cir. 1994), these considerations are:

1.    The strength of the state's interest when having issues raised in the federal declaratory action decided in state courts;

2.    Whether the issues raised in the federal action can be more efficiently resolved in the court in which the state action is pending;

3.    Whether permitting the federal action to go forward will result in unnecessary entanglement between the federal and state court systems because of the presence of overlapping issues of fact or law; and

4.    Whether declaratory action is being used merely as a device for procedural fencing.

For the following reasons, the temporary stay issued by the District Court was within its discretion and the present appeal is without merit.

**Discussion of the Issues:**

**I.    Clarendon's amended notice of appeal is premature and does not qualify for appellate review.**

The temporary stay issued by the District Court does not rise to the level of an injunction subject to interlocutory appeal by 28 U.S.C. § 1292(a). <u>See,</u> <u>Gulfstream Aerospace Corp. v. Mayacamas Corp.,</u> 485 U.S. 271, 287 (1988) ("orders granting or denying stays of 'legal' proceedings on 'equitable' grounds are not automatically appealable"). A stay involving a court's decision to hold its own proceedings in abeyance is not normally subject to appeal because such orders do not have "the practical effect of granting or denying injunctions..." 485 U.S. at 287-288. Specifically, an order does not become final merely because it has the practical effect of allowing the state court to be the first to rule on a common issue. Instead, a stay order is final only "when the sole purpose and effect of the stay is precisely to surrender jurisdiction of a federal suit to a state court". <u>Moses H.</u> <u>Cone Memorial Hospital v. Mercury Construction Corporation</u>, 460 U.S. 1, 10 at fn. 9 (1983).

The power to stay proceedings is incidental to the power inherent in every court to control its docket "with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment,

which must weigh competing interests and maintain an even balance". <u>Admur v. G. Lizars</u>, 372 F.2d 103, 106 (4th Cir. 1967). For this reason, this Court has joined the Second Circuit in affirming "the discretionary character of a federal district court's power to stay diversity action during the pendency of state court proceedings". <u>Id</u>. In exercising discretion to grant a stay, a district court may consider, among other things, whether the defending party will be compelled to try similar claims in the state and federal proceedings, whether the state proceedings are more advanced than the one in federal court and whether the stay protects against vexatious and uneconomical litigation. 372 F.3d at 107.

Judge Wooten's January 28, 2009 order denying Clarendon's motion for reconsideration indicates that a status conference will be held "in early July 2009 to examine the need to lift the stay in light of any developments with the status of the underlying state litigation" (Appendix at 269). As evident in this order, Clarendon cannot satisfy any of the requirements for interlocutory appeal. For example, the stay imposed is temporary only and does not deny Clarendon's request to be heard on its declaratory judgment action. At most, the temporary stay allows Clarendon to decide whether to participate in the underlying tort action or withhold legal representation from its policyholder and risk an adverse jury verdict on the policyholder's liability. The District Court's temporary stay neither compels Clarendon to act or refrain from acting in the interest of its policyholder.

8

## II.    Clarendon's amended notice of appeal does not qualify for interlocutory review under the collateral order doctrine.

The collateral order doctrine recognizes that certain important legal rulings collateral to the underlying merits of the litigation may be deemed "final" and eligible for immediate appellate review.  To qualify under this doctrine, a district court's order must:  (1) be conclusive on the issue sought to be appealed; and (2) resolve an important issue that is separate from the underlying merits; and (3) be effectively unreviewable if the appeal were to await a final order on the merits.  See, Will v. Hallock, 546 U.S. 345, 349 (2006); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949).  Failure to satisfy any one of the three requirements defeats the use of the collateral order doctrine.  Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 276 (1988).  This doctrine is to be stringently applied and cannot "swallow" the general prohibition against piecemeal appeals.  Digital Equip. Corp. v. Desk Top Direct, Inc., 511 U.S. 863, 868 (1994).

In South Carolina State Board of Dentistry v. Federal Trade Commission, 455 F.3d 436 (4th Cir. 2006), this Court affirmed the general principle that a party may appeal only from an order that "ends litigation on the merits and leaves nothing for the court to do but execute the judgment."  455 F.3d at 441 quoting Catlin v. United States, 324 U.S. 229, 233 (1945).  To be "effectively unreviewable" as required for collateral interlocutory review, an order must

address an interest that would be "essentially destroyed if its vindication must be postponed until trial is completed". Furthermore, "it is not mere avoidance of a trial, but avoidance of a trial that would imperil a substantial public interest, that counts when asking whether an order is 'effectively' unreviewable if review is to be left until later". 455 F.3d at 444 quoting <u>Will v. Hallock</u>, 546 U.S. 345, 353 (2006). Only a limited number of interests have been recognized as falling into the "effectively unreviewable" category. These are (1) absolute immunity; (2) qualified immunity; (3) Eleventh Amendment sovereign immunity; and (4) protections of the Double Jeopardy Clause. <u>Id</u>.

Clarendon cannot satisfy the criteria for collateral interlocutory review. First, Clarendon cannot identify any issue conclusively addressed in the challenged temporary stay. Instead, Clarendon is free to challenge responsibility for paying any verdict that may be awarded in the state tort action. Second, the temporary stay neither requires nor prohibits Clarendon from taking action. Instead, Clarendon is free to exercise its business judgment whether or not to provide legal representation to its policyholder in the underlying state tort action. Finally, the temporary stay does not address any issue on the merits that would not otherwise be subject to review on appeal. Instead, the temporary stay acknowledges that an ultimate assessment of Clarendon's duty to its policyholder and responsibility to pay a verdict will be assisted by the state court determination. In this context,

Clarendon has failed to establish any legitimate basis for acceptance of appellate jurisdiction by this Court under the collateral interlocutory review doctrine.

> **III. A day certain trial date has been set in the state court actions months before the potential trial date in the federal declaratory judgment action, thereby producing no "useful purpose" in simultaneously litigating the state personal injury claims and the federal declaratory judgment action.**

The state wrongful death and survival actions arising out of the deaths of Savannah Belle Edgar and Shanna Lee Stines were filed on February 26, 2007 in the Horry County Court of Common Pleas.  (Appendix at 95, 101)  Extensive discovery has been exchanged, orders to compel discovery have been granted, a scheduling order has been adopted and a day certain trial date has been set.[2]

This declaratory judgment action was filed on July 11, 2008, some four and one-half months after the filing of the state court actions.  (Docket #1, Appendix at 4)  The Stines and Edgar estates moved to dismiss or stay this action on August 6, 2008.  (Docket #10, Appendix at 5)  An order of reference was made to the United States Magistrate Judge on September 2, 2008 and a consent Amended Conference and Scheduling Order was issued on September 5, 2008, which provides for a trial in the declaratory judgment action on or after September 2, 2009.  (Docket #21, Appendix at 5-6).

---

[2] On May 7, 2009, the tort actions were consolidated and scheduled for trial beginning June 22, 2009.

Entertainment of a federal declaratory judgment action relating to insurance coverage issues while there is pending state personal injury litigation raises delicate questions of federalism, comity and undue entanglement of the federal court in pending state courts proceedings. <u>Mitcheson v. Harris</u>, 955 F.2d 235, 237-241 (4th Cir. 1992). Recognizing the burden of simultaneous litigation in federal and state courts and the sensitive federal-state issues involved, the dismissal or stay of a federal declaratory judgment action is left to the sound discretion of the district court. Among the most basic questions that must asked in this situation is whether the disposition of the federal declaratory judgment action will "serve a useful purpose" and "terminate and afford relief from uncertainty." <u>Continental Casualty Co. v. Fuscardo</u>, 35 F.3d 963, 965 (4th Cir. 1994). In the final analysis, the exercise of judicial discretion regarding federal jurisdiction must "yield[ ] to considerations of practicality and wise judicial administration." <u>Continental Life Insurance Co. v. Poston</u>, 88 F.3d 255, 257 (4th Cir. 1996).

Resolution of the underlying state personal injury litigation is necessary to appropriately identify the relevant coverage issues that must be addressed in the declaratory judgment action. In light of the scheduling orders in the state and federal court proceedings, attempting to litigate the federal declaratory judgment action at this time will serve "no useful purpose" since the state court proceeding will be tried months before the federal declaratory judgment action. The practical

consequence of simultaneously litigating the underlying state court actions and the federal declaratory judgment action is to unduly burden the Stines and Edgar families as they prepare to undertake the arduous and emotional task of going to trial regarding the tragic deaths of their daughters.  Under these circumstances, the District Court properly determined to "yield to consideration of practicalities and wise judicial administration" and temporarily stay the declaratory judgment action.

### IV.    Clarendon's request for declaratory judgment is premature and would invade the province of the state court.

The relief requested by Clarendon requires a determination regarding the negligent conduct of its insured.  For example, a state court jury may find that Garden City Wings is liable based upon over-serving alcoholic beverages to Defendant Nordstrom without regard to the training provided to the bar staff or any prior violations of State alcohol regulations.  In that case, Clarendon's allegations that Garden City Wings failed to provide proper training or notice of violations would be "immaterial" to the jury findings.

Clarendon's policy contains a choice of law provision that purports to govern its terms by the law of Illinois.  (Liquor Liability Coverage § IV (16); Appendix at 75)  Assuming this choice of law controls, the effect of alleged misrepresentations or false warranties by Garden City Wings would be governed

by Illinois statute.[3]  Specifically:  "No such misrepresentation of false warranty shall defeat or avoid the policy unless it shall have been made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company."  215 Ill. Comp. Stat 5/154 (Material Misrepresentations and False Warranties).

Because "materiality" of breach is central to Clarendon's responsibility to make payments under the policy issued to Garden City Wings, the absence of a jury finding on the grounds of liability renders Clarendon's declaratory judgment request premature.  See, Fitzgerald v. MFA Mutual Insurance Company, 481 N.E.2d 754, 756 (Ill. App. 3d 1985)(materiality of false representations in an application for insurance is a question of fact for a jury to decide). Additionally, because no finding can be entered on Clarendon's responsibility in the underlying case without addressing the conduct of Garden City Wings, requiring Appellees to submit their case for trial in a declaratory judgment proceeding will materially prejudice their rights in the suit pending in the Court of Common Pleas for Horry County.

The guiding principles of Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994) clearly support a temporary stay of the declaratory

---

[3] Regardless of any choice of law contained in the contract, all public policy issues relating to the contract and its application are governed by South Carolina law. See, Scott v. Guardsmark Security, 847 F. Supp 117, 121 (D.S.C. 1995)

judgment proceeding. For example, the stay avoids unnecessary entanglement between the federal and state court systems, promotes judicial economy and relieves Appellees of undue burdens while affording Clarendon the opportunity to exercise its business judgment. Moreover, as recognized by the District Court, controlling facts regarding the basis of Garden City Wings' liability for the deaths of Savannah Belle Edgar and Lynne R. Stines must be determined first in the pending state court proceeding to rule on Clarendon's responsibility under its policy of insurance. (Appendix at 234-235) The presence of these "overlapping issues" and the prospect of two potentially inconsistent jury verdicts clearly support a temporary stay of the federal proceedings.

## V. Clarendon's Complaint makes clear that the underlying disputed facts in the state wrongful death and survival actions are intertwined with the declaratory judgment action.

Clarendon contended before the District Court and asserts on appeal that the facts involved in the pending state actions are unrelated to the federal declaratory judgment action. The Stines and Edgar Estates invite the Court's attention to Paragraphs 23, 24, and 25 of Clarendon's Complaint in the declaratory judgment action (Appendix at 16-17) and the weaving of those allegations into paragraphs 30, 31, 32, 35, 36, 45, and 51 of the Complaint and the multi-part prayer for relief. (Appendix at 17-23)

Although recognizing that not all issues raised in the federal action will be implicated in the underlying state court proceedings, the District Court found there to be "the potential for substantial overlap between the issues tried in the state and federal actions." Specifically, the District Court identified certain "key issues" in the declaratory judgment action that are directly disputed in the underlying state actions. (Appendix at 234) These issues include:

- Whether defendant Nordstrom was visibly intoxicated at the time he was served alcohol by members of the Garden City Wings staff;

- Whether Garden City Wings violated the South Carolina statutory prohibition on selling alcohol to an intoxicated person; and

- Whether Garden City Wings provided appropriate training to members of its staff.

Contrary to the arguments advanced below and here, the findings of the District Court and Clarendon's own Complaint make perfectly clear that resolution of disputed facts in the underlying state actions is essential to the disposition of the federal declaratory judgment action. Accordingly, the District Court properly exercised its discretion in issuing a temporary stay so that the parties to the underlying state actions could proceed without undue distraction, expense and duplicated effort to address matters that will resolve issues before both the state and federal courts.

16

## CONCLUSION

For the reasons stated above, Clarendon cannot establish grounds for appellate review of the temporary stay issued by the District Court. Additionally, the grounds asserted by Clarendon are substantively without merit and fail to establish an abuse of discretion by the District Court. Accordingly, Appellees respectfully request that this Court issue an order dismissing the appeal and affirming the decision of the District Court.

Respectfully submitted,

GERGEL, NICKLES & SOLOMON, P.A.

BY:   /s/  W. Allen Nickles, III
        Richard Mark Gergel
        W. Allen Nickles, III
        Carl L. Solomon
        1519 Richland Street
        P. O. Box 1866
        Columbia, South Carolina 29202
        (803) 779-8080

        DOUGLAS JENNINGS LAW FIRM, LLC
        Douglas Jennings, Jr.
        P. O. Drawer 995
        Bennettsville, SC   29512

        ATTORNEYS FOR APPELLEES
        EDGAR AND STINES

May 26, 2009

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**<u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>**

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.   This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

> this brief contains <u>3,697</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

> this brief has been prepared in a proportionally-spaced typeface using <u>Microsoft Word 2003</u> in <u>14 point Times New Roman</u>.



<u>/s/ W. Allen Nickles, III</u>
Counsel for Appellant

Dated: May 26, 2009

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on May 26, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Howard M. Bowers
Laura C. Johnson-Evans
WILKES BOWERS, PA
171 Church Street
Suite 210
Charleston, SC 29401

*Counsel for Appellant*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ *Carly A. Ramey*
Carly A. Ramey
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA  23219